**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| E. FRED SCHUBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 12-922-GMS |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| CREE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER AND DEFENSES OF DEFENDANT CREE, INC.**
**TO PLAINTIFF'S COMPLAINT**

Defendant Cree, Inc. ("Cree"), by and through its attorneys, answers the Complaint filed by E. Fred Schubert ("Schubert") as follows:

## NATURE OF THE ACTION

1. Cree admits that this action was filed under the patent laws of the United States. Cree denies the remaining allegations of Paragraph 1.

2. Cree admits that GaN-based LEDs may emit green, blue, violet, or ultraviolet light and that GaN based LEDs, particularly high brightness blue GaN based LEDs can also be used to generate white light. Except as expressly admitted, Cree lacks the knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 2 of the Complaint and, therefore, denies them.

3. Cree admits that, on its face, the patent-in-suit identifies plaintiff as one of the purported inventors. Except as expressly admitted, Cree lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3, and therefore denies the remaining allegations contained therein.

4. Denied.

## THE PARTIES

5. Cree is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint and therefore denies those allegations.

6. Cree is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint and therefore denies those allegations.

7. Cree admits that it is a corporation organized and existing under the laws of North Carolina, with its principal place of business at 4600 Silicon Drive, Durham, North Carolina.

## JURISDICTION AND VENUE

8. Cree admits that the Complaint purports to set forth a patent infringement action arising under the patent laws of the United States, Title 35 of the United States Code. Cree admits that this Court has subject matter jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Cree denies having committed any act of infringement alleged in the Complaint.

9. Cree does not contest personal jurisdiction over Cree for the limited purpose of this case, while reserving the right to challenge personal jurisdiction in future cases. Cree denies that acts of infringement have taken place in this judicial district.

10. Complaint states a legal conclusion to which no response is required.

## PATENT-IN-SUIT

11. Cree admits that United States Patent No. 6,294,475 ("the '475 patent") is titled "Crystallographic Wet Chemical Etching of III-Nitride Material". Cree is without knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 11 of the Complaint and therefore denies those allegations.

12. Cree admits that a copy of the ‘475 patent was attached to the Complaint as Exhibit A.

**Count 1:**

**Infringement of U.S. Patent No. 6,294,475**

13. Cree incorporates by reference its responses to paragraphs 1-12 above.

14. Cree is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint and therefore denies those allegations.

15. Cree is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint and therefore denies those allegations.

16. Cree is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint and therefore denies those allegations.

17. Cree is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint and therefore denies those allegations.

**WILLFUL INFRINGEMENT**

18. Cree is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint and therefore denies those allegations.

**RESPONSE TO REQUESTED RELIEF**

Cree denies that Plaintiff is entitled to be awarded any of the relief sought in Plaintiff's prayer for relief against Cree or that this case is exceptional. Cree has not infringed the patent in suit either willfully or otherwise. Plaintiff is not entitled to recover from Cree statutory damages, compensatory damages, injunctive relief, costs, fees, interest, enhanced damages or any other type of recovery.

**DEFENSES**

Cree asserts, without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, the following defenses and reserves the right to amend its answer as additional information becomes available:

**FIRST DEFENSE: FAILURE TO STATE A CLAIM**

19. The complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE: NON-INFRINGEMENT**

20. Cree does not, and did not, directly or indirectly infringe any valid and enforceable claim of the asserted patent, either literally or under the doctrine of equivalents.

**THIRD DEFENSE: INVALIDITY**

21. The asserted patent is invalid under Title 35 §§ 101 *et seq.*, including, but not limited to, §§ 101, 102, 103, and/or 112.

**FOURTH DEFENSE: PROSECUTION HISTORY ESTOPPEL**

22. Plaintiff is estopped from construing the claims of the asserted patent to cover or include, either literally or by application of the doctrine of equivalents, products developed, manufactured, distributed, used, imported, sold or offered for sale by Cree or methods used by Cree because of admissions and statements to the United States Patent and Trademark Office

("PTO") during prosecution of the application leading to the issuance of the asserted patent, and because of disclosures or language in the specification of the asserted patent and/or limitations in the claims of the asserted patent.

**FIFTH DEFENSE: LACHES**

23. Plaintiff's claims are barred, in whole or in part, by the doctrines of equitable estoppel, laches, waiver, and acquiescence.

**SIXTH DEFENSE: INJUNCTION NOT WARRANTED**

24. Plaintiff is not entitled to a permanent injunction because: (1) Plaintiff has not suffered nor will he suffer irreparable harm because of Cree's conduct; (2) any harm to Plaintiff would be outweighed by the harm to Cree if an injunction were entered; (3) Plaintiff has an adequate remedy at law even if Plaintiff prevailed in this action; and (4) the public interest would not be served by an injunction.

25. Cree reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery or further factual investigation in this case.

**PRAYER FOR RELIEF**

WHEREFORE, Cree respectfully requests that this Court enter judgment against Plaintiff as follows:

(a) Dismissing Plaintiff's Complaint with prejudice in its entirety;

(b) Denying all remedies and injunctive relief sought by Plaintiff in its Complaint;

(c) Finding that Cree has not and does not infringe any claim of the asserted patents;

(d) Finding that Cree has not and is not inducing or contributing to the infringement of any claim of the asserted patents;

(e) Finding that the asserted patent is invalid;

(f) Finding that this is an exceptional case under 35 U.S.C. § 285, and awarding Cree reasonable attorney's fees and costs incurred in this action; and/or

(g) Granting Cree such other and further relief that this Court deems just and proper.

**DEMAND FOR JURY**

Cree demands a trial by jury of all issues so triable in this action.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Hercules Plaza 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant Cree, Inc.*

OF COUNSEL:

Brian M. Poissant
JONES DAY
222 East 41st Street
New York, NY 10017
Tel: (212) 326-3939

Blaney Harper
Garfield B. Simms
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Tel: (202) 879-3939

Lynne Borchers
Peter Siddoway
MYERS BIGEL SIBLEY & SAJOVEC P.A.
4140 Parklake Ave, Suite 600
Raleigh, NC 27612
Tel: (919) 854-1400

Dated: September 7, 2012
1073998 / 39395

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on September 7, 2012, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on September 7, 2012, the attached document was Electronically Mailed to the following person(s):

Brian E. Farnan
Farnan LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801
bfarnan@farnanlaw.com

Daniel A. Ladow
Timothy P. Heaton
Robert A. Angle
Troutman Sanders
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Daniel.ladow@troutmansanders.com
Timothy.heaton@troutmansanders.com
Robert.angle@troutmansanders.com

By: */s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Bindu A. Palapura
POTTER ANDERSON & CORROON LLP
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

1071283/39395