IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

E. FRED SCHUBERT,                          )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )      Civil Action No. 12-922-GMS
                                           )
CREE, INC.,                                )
                                           )
            Defendants.                    )
                                           )

## **MEMORANDUM**

### I.    **INTRODUCTION**

On July 18, 2012 the plaintiff, E. Fred Schubert ("Schubert"), filed this lawsuit against

the defendant, Cree, Inc. ("Cree"), alleging infringement of U.S. Patent No. 6,294,475 (the "'475

Patent"). (D.I. 1.) Cree filed its Answer on September 7, 2012, (D.I. 8), and, on that same day,

filed the present Motion to Transfer Venue to the Middle District of North Carolina, (D.I. 10).

For the reasons that follow, the court will deny Cree's motion.

### II.    **BACKGROUND**

Schubert is a resident of Troy, New York and a researcher and educator in the field of

gallium nitride ("GaN") optoelectronic semiconductor devices such as light emitting diodes

("LEDs"). (D.I. 1 at ¶¶ 2, 5.) He is a Professor of Electrical Engineering at Rensselaer

Polytechnic Institute ("RPI") as well as the Founding Director of the Smart Lighting Engineering

Research Center at RPI. (*Id.* at ¶ 5.) Schubert is also the owner of the '475 Patent. (*Id.* at ¶ 14.)

Cree is a North Carolina corporation having its principal place of business in Durham,

North Carolina. (*Id.* at ¶ 7.) Schubert claims that Cree manufactures and sells products that

infringe the'475 Patent, including high-brightness GaN-based LEDs at least some of which are known as "EZBright LEDs." (*Id.* at ¶ 15.)

Schubert has filed two additional infringement actions in this district against other defendants alleging infringement of the '475 Patent.[1]

## III.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). This provision grants the court "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir.1995).

In resolving a motion to transfer, the court undertakes a two-step inquiry. It first determines whether the action could have been brought originally in the proposed transferee forum and then asks whether transfer would best serve the interests of convenience and justice. *Smart Audio Techs., LLC v. Apple, Inc.*, No. 12-134-GMS, 2012 WL 5865742, at *1 (D. Del. Nov. 16, 2012). The defendant bears the burden at each step of the analysis, *Jumara*, 55 F.3d at 879–80, and, "unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail," *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

## IV.   DISCUSSION

Consistent with the two-step inquiry described above, the court will first address the

---

[1] *Schubert v. OSRAM AG, et al.*, No. 12-923-GMS; *Schubert v. Koninklijke Philips Elecs. N.V., et al.*, No. 12-924-GMS.

2

question of whether this suit might have been filed in the U.S. District Court for the Middle District of North Carolina, the proposed transferee forum. It will then ask whether the balance of convenience favors transfer, examining the various private and public interest factors outlined by the Third Circuit in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995).[2]

     A.      Propriety of the Transferee Venue

Section 1404(a) provides that an action may be transferred to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Thus, the court may only order transfer to the Middle District of North Carolina if venue would have been proper there and if that court could have exercised personal and subject matter jurisdiction. 17 James Wm. Moore et al., *Moore's Federal Practice* § 111.12[b] (3d ed.2012).

As noted above, Cree is a North Carolina corporation with headquarters in Durham, North Carolina. The court therefore has little difficulty concluding that this lawsuit might have been brought in the proposed transferee forum. Cree is subject to personal jurisdiction in North Carolina due to its physical presence and corporate ties to that state, and proper venue flows from this personal jurisdiction conclusion. *See* 28 U.S.C. § 1400(b) ("Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."); § 1391(c) ("For all venue purposes . . . an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's

---

[2] "The law of the Third Circuit governs the court's decision on a motion to transfer pursuant to 28 U.S.C. § 1404(a)." *Smart Audio Techs.*, 2012 WL 5865742, at *2 n.2 (citing *In re Link-A-Media Devices Corp.*, 662 F.3d 1221, 1222–23 (Fed. Cir. 2011)).

personal jurisdiction with respect to the civil action in question . . . ."). Likewise, subject matter

jurisdiction would exist under 28 U.S.C. § 1338, which provides that "[t]he district courts shall

have original jurisdiction of any civil action arising under any Act of Congress relating to

patents." § 1338(a).

As such, Cree is able to satisfy the threshold requirement, and the court will proceed to

the question of whether transfer would be in the interests of convenience and justice.

    B.    *Jumara* Analysis

The Third Circuit has instructed courts considering a transfer motion to perform a case-

by-case analysis rather than applying any "definitive formula." *See Jumara*, 55 F.3d at 879.

This individualized assessment should account for the various public and private interests

protected by § 1404(a). The private interests may include:

> plaintiff's forum preference as manifested in the original choice; the defendant's
> preference; whether the claim arose elsewhere; the convenience of the parties as
> indicated by their relative physical and financial condition; the convenience of the
> witnesses—but only to the extent that the witnesses may actually be unavailable
> for trial in one of the fora; and the location of books and records (similarly limited
> to the extent that the files could not be produced in the alternative forum).

*Id.* The public interests may include:

> the enforceability of the judgment; practical considerations that could make the
> trial easy, expeditious, or inexpensive; the relative administrative difficulty in the
> two fora resulting from court congestion; the local interest in deciding local
> controversies at home; the public policies of the fora; and the familiarity of the
> trial judge with the applicable state law in diversity cases.

*Id.* at 879–80. The court addresses each of these "*Jumara* factors" in turn.

        1.    Private interest factors

            a.    Plaintiff's forum preference

4

The first private interest factor is the "plaintiff's forum preference as manifested in the original choice." *Id.* at 879. Cree argues that Schubert's Delaware forum choice is entitled to little weight, as he has chosen to litigate outside his "home turf" of New York in a district with little apparent connection to the underlying dispute. (D.I. 11 at 7–10.) Schubert responds that Delaware represents a convenient, centralized location for the parties and points out that he is also litigating two other infringement cases here.

While this factor is often granted significant weight in the § 1404(a) convenience analysis, the court has recognized that the plaintiff's forum preference merits less deference when the plaintiff has chosen to file suit outside his "home turf." *See, e.g., Linex Techs., Inc. v. Hewlett-Packard Co.*, No. 11-400-GMS, 2013 WL 105323, at \*3 (D. Del. Jan. 7, 2013); *Smart Audio Techs.*, 2012 WL 5865742, at \*6–7; *see also In re Link-A-Media Devices Corp.*, 662 F.3d at 1223 ("When a plaintiff brings its charges in a venue that is not its home forum . . . that choice of forum is entitled to less deference."). As such, the forum selection here is not deserving of "paramount" consideration. *Smart Audio Techs.*, 2012 WL 5865742, at \*6–7. The court, however, will accord Schubert's decision some degree of heightened deference given its underlying rational and legitimate basis—namely, the desire to litigate in a district approximately halfway between the parties and in which Schubert intends to litigate two related cases. *See id.*

b.      Defendant's forum preference

The court next considers the defendant's choice of forum. *Jumara*, 55 F.3d at 879. Here, Cree has clearly expressed a preference for this litigation to proceed in the Middle District of North Carolina. This factor weighs in favor of transfer.

c.      Whether the claim arose elsewhere

5

The third private interest *Jumara* factor is "whether the claim arose elsewhere." *Id.* "[A]s a matter of law, a claim for patent infringement arises wherever someone has committed acts of infringement, to wit, 'makes, uses, offers to sell, or sells any patented invention' without authority." *Cellectis S.A. v. Precision Biosciences, Inc.*, 858 F. Supp. 2d 376, 381 (D. Del. 2012) (quoting 35 U.S.C. § 271(a)); *see also Smart Audio Techs.*, 2012 WL 5865742, at *7. Accordingly, where the defendant in a patent infringement action operates on a national level, this factor is often neutral.

The court, however, has acknowledged that "[t]o some extent, [infringement] claims ar[i]se where the allegedly infringing products [a]re designed and manufactured." *Smart Audio Techs.*, 2012 WL 5865742, at *7 (quoting *Wacoh Co. v. Kionix, Inc.*, 845 F. Supp. 2d 597, 602 (D. Del. 2012)). Since Cree's manufacturing facilities and headquarters are located in North Carolina, the court believes this factor weighs lightly in favor of transfer. (D.I. 11 at 10.)

> d.    Convenience of the parties

The court must also determine whether the proposed transferee forum would be more convenient for the parties. *Jumara*, 55 F.3d at 879. In conducting this assessment, the court weighs several considerations, including: "(1) the parties' physical location; (2) the associated logistical and operational costs to the parties' employees in traveling to Delaware (as opposed to the proposed transferee district) for litigation purposes; and (3) the relative ability of each party to bear these costs in light of its size and financial wherewithal." *Mitek Sys., Inc. v. United Servs. Auto Ass'n*, No. 12-462-GMS, 2012 WL 3777423, at *6 (D. Del. Aug. 20, 2012) (quoting *Fuisz Pharma v. Theranos, Inc.*, No. 11-1061-SLR-CJB, 2012 WL 1820642, at *12 (D. Del. May 18, 2012)).

6

Here, Schubert and Cree are located in Troy, New York and Durham, North Carolina respectively. As Schubert notes, Delaware is "the approximate mid-point for the parties." (D.I. 14 at 11.) The court recognizes that transfer of this case would likely result in an overall reduction in litigant travel expenses, as a number of Cree employees would be able to avoid travel were this case to proceed in North Carolina. The court, however, must also consider the relative abilities of the parties to bear travel costs. Here, there is little question that Cree has far deeper pockets, and the court believes it will likely be better able to bear any increased costs.[3] Given this financial resources disparity and the reasonable assumption that transfer would increase Schubert's own travel expenses, the court finds that this factor weighs against transfer.

e.     Convenience of witnesses

Another *Jumara* factor is "the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora." 55 F.3d at 879. "Party witnesses or witnesses who are employed by a party carry no weight in the 'balance of convenience' analysis since each party is able, indeed, obligated to procure the attendance of its own employees for trial." *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 203 (D. Del. 1998). Moreover, the court has recognized that this factor should only be given weight "when there is some reason to believe that a witness actually will refuse to testify absent a subpoena." *Smart Audio Techs.*, 2012 WL 5865742, at *8. Here, neither Schubert nor Cree is able to identify a single witness that would be available in one forum but not the other. As such, the court finds that this factor is neutral.

f.     Location of books and records

---

[3] Schubert notes that "Cree employs 5,555 regular full and part-time employees world-wide" and "[f]or fiscal year ending June 24, 2012, Cree reported revenue of $1.16 billion." (D.I. 14 at 10.)

Finally, the court looks to "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Jumara,* 55 F.3d at 879. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009); *see also Smart Audio Techs.*, 2012 WL 5865742, at \*9.

Since Cree is located in North Carolina, the court presumes that much of the relevant evidence will be located there and finds that this factor weighs in favor of transfer. Though the modern technology relating to the electronic storage and transfer of documents reduces the significance of this factor, the court nevertheless must assign it some weight in the *Jumara* analysis. *See In re Link-A-Media Devices Corp.*, 662 F.3d at 1224; *Smart Audio Techs.*, 2012 WL 5865742, at \*9.

2.    Public interest factors

The parties agree that several of the public interest factors are inapplicable to the present transfer analysis.[4] The court will address only those factors in dispute.

a.    Practical considerations

*Jumara* instructs the court to look to "practical considerations that could make the trial easy, expeditious, or inexpensive." 55 F.3d at 879. Cree contends that "it would be far less expensive and more efficient to litigate this dispute in the Middle District of North Carolina," citing the increased travel expenses that would likely result from proceeding in Delaware. (D.I.

---

[4] Specifically, the parties do not dispute the public interest factors addressing the enforceability of the judgment, the public policies of the prospective fora, and the familiarity of the court with the applicable law. (D.I. 11 at 12; D.I. 14 at 12.)

11 at 14.) Schubert responds that this factor actually counsels against transfer given the two related lawsuits currently pending before the court. (D.I. 14 at 13.)

The court agrees with Schubert that this factor weighs strongly against transfer. As the court has previously observed, the "practical considerations" issue—which is listed as a "public interest" rather than a "private interest" factor—requires that at least some attention be paid to the *public* costs of litigation. *See AIP Acquisition LLC v. iBasis, Inc.*, No. 12-616-GMS, 2012 WL 5199118, at *5 (D. Del. Oct. 19, 2012). As such, while Cree may be correct that overall party litigation expenses could be reduced through transfer, the fact that related cases are currently pending before the court suggests that denying this motion would best serve the interests of judicial economy. *See id*; *Intellectual Ventures I v. Altera Corp.*, 842 F. Supp. 2d 744, 759 (D. Del. 2012). "Permitting the [three] cases to proceed in the same court could minimize costs to the judicial system as a whole, by requiring that only one court become familiar with the relevant technology." *AIP Acquisition LLC*, 2012 WL 5199118, at *5.

b.      Relative administrative difficulty

The court also considers "the relative administrative difficulty in the two fora resulting from court congestion." *Jumara*, 55 F.3d at 879. On this point, Cree provides statistics suggesting a far greater number of pending patent cases in this district than in the Middle District of North Carolina.[5] (D.I. 11 at 14.)   Cree fails to demonstrate, however, that the sheer number of patent cases in Delaware will result in any material administrative difficulty, increase the time

---

[5] In support of its "administrative difficulty" argument, Cree provides the following statistical comparison of Delaware and the proposed transferee forum:

> As of September 30, 2011, there were 586 pending patent cases in Delaware. Additionally, the number of weighted filings per Judgeship in this District was 696. By contrast, as of September 30, 2011, there were 24 pending patent cases on the Middle District of North Carolina. Moreover, the number of weighted filings per Judgeship in the Middle District of North Carolina was 370.

(D.I. 11 at 14–15 (internal citations omitted).)

to trial, or prejudice the parties in any way. This factor weighs ever so lightly in favor of transfer.

### c. Local interests

Finally, the transfer analysis demands that the court examine any "local interest in deciding local controversies at home." *Jumara*, 55 F.3d at 879. Cree suggests that "North Carolina has a local interest in this dispute because Cree is based in North Carolina." (D.I. 11 at 13.) The court, however, has recently observed that an infringement action is not properly characterized as a "local controversy" simply because the litigation presents a matter of local interest in the defendant's home state. *See Smart Audio Techs.*, 2012 WL 5865742, at *10. Rather, the court agrees with the position recently expressed by Judge Robinson:

> [P]atent litigation does not constitute a local controversy in most cases. Patent cases implicate constitutionally protected property rights. The resolution of patent cases is governed by federal law reviewed by a court of appeals of national (as opposed to regional) stature. Moreover, to characterize patent litigation as "local" undermines the appearance of neutrality that federal courts were established to provide and flies in the face of the national (if not global) markets that are affected by the outcome of these cases.

*Helicos Biosciences Corp. v. Illumina, Inc.*, 858 F. Supp. 2d 367, 375 (D. Del. 2012). This patent infringement action is more properly described as a national controversy, and the court therefore finds that this factor is neutral. *See Smart Audio Techs.*, 2012 WL 5865742, at *10.

### 3. *Jumara* analysis summary

With regard to the private interests at issue, both the "plaintiff's forum preference" and the "convenience of the parties" factors weigh against transfer, and the former is accorded heightened deference. Three factors—the defendant's forum choice, where the claim arose, and the location of relevant books and records—weigh in favor of transfer, though two are given only

minimal consideration. Taken together, these private interest factors emerge largely neutral.

On the other hand, while most of the public interests are inapplicable here, the "practical considerations" factor weighs strongly against transfer, and the "administrative difficulty" concern pulls only gently in the opposite direction. Given this breakdown, the court cannot find that Cree has met its heavy burden of demonstrating that the balance of convenience strongly favors its position—at most, it is a close call as to whether the Middle District of North Carolina even represents a more convenient forum.

## V. CONCLUSION

For the foregoing reasons, the court will deny Cree's Motion to Transfer Venue to the Middle District of North Carolina (D.I. 10).

Dated: February 14, 2013

CHIEF, UNITED STATES DISTRICT JUDGE

11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

E. FRED SCHUBERT,              )
                              )
          Plaintiff,           )
                              )
     v.                        )     Civil Action No. 12-922-GMS
                              )
CREE, INC.,                    )
                              )
          Defendant.           )

## ORDER

At Wilmington this 14th day of February 2013, consistent with the memorandum opinion issued this same date, IT IS HEREBY ORDERED THAT:

The defendant's Motion to Transfer Venue to the Middle District of North Carolina (D.I. 10) is DENIED.

CHIEF, UNITED STATES DISTRICT JUDGE